IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR 109-134 |
| ) | |
| MELVIN LEE BROWN, III ) | |

**O R D E R**

Before the Court is Defendant's *pro se* motion for production. (Doc. no. 49.) Defendant, currently in state custody serving a state sentence, requests issuance of a writ to transfer him to federal custody for adjudication of a supervised release revocation petition that has been pending in this District since a since 2019. (Id. at 1.) A state prisoner is not entitled to a federal custody transfer for initiation of a supervised release revocation proceedings. U.S. v. Cunningham, 150 F. App'x 994, 995-96 (11th Cir. 2005) (*per curiam*). A federal court is not required to conduct the prisoner's supervised release revocation hearing until the prisoner is taken into federal custody after completing his state sentence. Id.; see also United States v. Hinton, 253 F. App'x. 839, 840 (11th Cir. 2007) (*per curiam*) (finding no error in conducting revocation hearing "over two years after [defendant's] violation of his supervised release" because defendant was not in federal custody). Moreover, the issuance of an arrest warrant for violation of supervised release and a delay in executing that warrant does not deprive the prisoner of his constitutional rights. See Moody v. Daggett, 429 U.S. 78, 86, 89 (1976). Therefore, Defendant's motion for production is **DENIED**. (Doc. no. 49.)

SO ORDERED this 25th day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA